*265
 
 Tayuor, Chief-Justice.
 

 It is a well-eslabiislied rule of evidence, that the testimony of a single witness is insufficient to warrant a conviction on a charge for perjury. But it does not appear to be any where laid down that two witnesses are necessary to disprove directly the fact sworn to by tiie Defendant, although in addition to the testimony ofa single witness, some other independent evidence ought to be adduced. To convict a man of perjury, there must be strong and clear evidence, and more numerous than the evidence given for the Defendant, is a rational rule laid down in 10
 
 Mod.
 
 which seems to have been followed ever since $ for if you weigh the oath of one man against another, the presumption always made in favor of innocence, shall turn the scale in favor of the accused. Here the falsity of the oath was directly proved by one witness, who swore that the prisoner gave him the sifter $ and the evidence given by the other four witnesses, appears to me to be of that independent and supplemental character which will satisfy the rule of law. To two of these witnesses the Defendant told, that he intended to give the sifter to
 
 McGehee,
 
 and to the two others he said, a short time afterwards, that he had given it. This is undoubtedly strong evidence of the falsify of the oath, and when added to
 
 McGehee’s
 
 evidence, removes the dilemma of weighing his oath against the prisoner’s, by creating a decided preponderance against it. It is such evidence as was properly admissible on the trial of the warrant, according to the case of
 
 Kitchen
 
 v.
 
 Tyson
 
 (3
 
 Mur. 314);
 
 and if admitted, must have destroyed the credibility of the prisoner. I cannot perceive why it is not equally strong, upon the trial of the indictment, in addition to
 
 McGehee’s
 
 evidence, to show the falsity of the oath.
 

 As to the other reason for a newr trial, it presents the enquiry, Whether the oath was judicially administered? That the Magistrate had jurisdiction of the matter, be
 
 *266
 
 ing a book account, is not to be doubted; and any irregularity in the mode of administering the oath, cannot oust tiiat jurisdiction. The record sent up authorises the belief, that the Defendant
 
 McGehee
 
 was present at the trial of the warrant, and as
 
 he
 
 did not require the preliminary questions to be asked of the prisoner, it must be considered as a waiver of them, the law being introduced for his benefit. But considered in any point of view, the proceeding at the utmost, can only be considered as erroneous, and not void ; whence it will follow, that perjury may be assigned in the oath so taken, while the proceeding stands unreversed. (1
 
 Vent.
 
 181—1
 
 Sid. 148
 
 —Raym. 74). Indeed a respectable writer on the criminal law, makes a question, whether a perjury in a Court whoso proceedings are afterwards reversed for error, may not still be punished as perjury, notwithstand-such reversal. — (1
 
 Hawk. P. C.
 
 432).
 

 It appears to me difficult to distinguish this case from one, where a witness is improperly admitted by the Court and the witness swears falsely. Can it be doubted that lie would be indictable for perjury, provided the Court had jurisdiction of the matter ?
 

 With respect to the motion in arrest of judgment on account of leaving out the letter
 
 e
 
 in the word sieve, I think it is not to be sustained. I know of no authority for arresting judgment for false spelling in an indictment, where the word misspelt is of the same sound, and does not constitute a different word. It was impossible that the Jury could be misled by mistaking the word so spelt for any other in the English Language, except the word intended, viz. a bolter or search.
 

 In the case of the
 
 King
 
 v.
 
 Beach, (Cowp.
 
 230),
 
 Lori Mansfield
 
 said, that the Court had looked into all the cases on the subject, and that the true distinction is, even
 
 in the case of a variance,
 
 that where the omission or addition of a letter does not change the word, so as to make
 
 *267
 
 it another word, it is not material. Tims, if the misre-cl ted word is in itself a word, though not intelligible with the context, as
 
 air,
 
 for
 
 heir,
 
 there the variance, according to the decisions, is fatal $ but not if the mutilated word does not make any other word — (1
 
 Doug.
 
 194,
 
 in
 
 notis). I am consequently of opinion, that the conviction was right.
 

 Pee Curiam. — Judgment affirmed.