State of Louisiana vs. Johnson.

Rehearing refused.

No. 8009.

The State of Louisiana vs. Charles Johnson et als.

A juror is not incompetent when he swears on his *voir dire*, that he has formed an opinion on
the guilt or innocence of the accused, but that his opinion could be overcome by the
evidence, and he thought he could do justice in the case, between the State and the
accused.

Error in the charge of the judge to the jury, in stating an abstract principle not arising out
of the evidence and nowise relating to the cause, does not entitle the accused to a new
trial.

A question, which does not appear by the record to have been raised in the proceedings in the
Court below, and which is presented for the first time by the argument of Defendant's
Counsel before this Court, shall not be noticed and passed upon.

APPEAL from the Superior Criminal Court for the parish of Orleans.
*Whitaker*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

First—Grounds set out in a motion for a new trial are not reviewable by this Court when
they involve a consideration of the testimony introduced before the jury.

Second—The ground that the court *a qua* erred in its charge to the jury cannot be considered
by the appellate court; unless it came up in a bill of exceptions, or assignment of errors,
it is not properly before the court in a motion for a new trial.

Third—Questions of law can only be presented to this Court through bills of exceptions or
assignments of errors.

Fourth—The Supreme Court is without authority to review the judgment of the lower court
in criminal cases, except upon a clear showing that there has been error committed in
the proceedings of the lower court to the prejudice of the prisoner.   11 An.. 479.

Fifth—It is the peculiar province of the lower court to determine whether a juror examined
on his *voir dire* be open to conviction or not; and unless an error of law be clearly and
specifically designated by bill, the appellate court will not interfere.   14 An., 461.

Sixth—The proof of the guilt of the principal is admissible in evidence offered on behalf of
the State, to show the guilt of the principal as a necessary element of the guilt of the
accessory, and the accused cannot object to the reception of the record containing such
evidence because of the alleged invalidity of the indictment therein contained.

Seventh—It is the prevailing rule that a mere abstract or theoretical error in the rulings or
instructions of the presiding judge, or the refusal of them, furnishes no ground for a new
trial, and this whether the error existed in a mere omission or in positive misdirection.
Error in stating an abstract principle not arising out of the evidence and nowise relating
to the cause shall not be taken advantage of by either party.   Hilliard on New Trials,
p. 260

Eighth—A correct statement of the law, although it be in a hypothetical case, and not war-
ranted by the testimony before the jury, is not a sufficient ground for a new trial.

*L. Marrero* for Defendant and Appellant, on application for rehearing:

First—The right to be heard by counsel learned in the law is a precious one; it is guaranteed by the constitution to all parties, even in civil cases. Where counsel fails to appear at the trial, without connivance of the accused, he is entitled to delay to procure other assistance. State vs. Jurche, 17 An. 71; Const. 1879, Art.   ; Graham & Waterman on N. T., Vol. II, p. 682.

Second—Though a person who has formed or expressed an opinion as to the guilt or innocence of the prisoner, from mere rumor, is not absolutely disqualified as a juror, yet if he has formed or expressed the opinion from what he heard some one say, a witness had told him, he is disqualified, though he had not himself heard the witness, and though he stated that his opinion was not such as would influence his verdict, but that he would be governed by the evidence. Wharton Cr. L. 3004; Nelius vs. States, 13 Sm. & Marsh, 500.

Third—A juror who answered to prisoner's counsel that he had formed an opinion as to the guilt or innocence of the accused, and to the Court that his opinion was based on rumor and his mind was as free to act upon the testimony as if he had heard nothing of the case, held incompetent. Wharton Am. Cr. L. 3001; Cotton vs. States, 31 Miss., 504; 11 An. 607 (La.); Brakefield vs. State, 1 Sneed T., 215 (Tennessee); People vs. Rathbun, 21 Wendell, 509; Arch. Cr. Pl. 164-3.

Fourth—The validity or invalidity of the indictment against the principal, is material to the accesssory, and the Court erred in not allowing him the privilege of discussing the same.

Fifth—It is error in a court to charge on abstract principles of law, not applicable to the case as it is; also to refuse to charge an abstract principle of law, on the ground that the same is not law, when the principle is law.    State vs. Chandler, 5 An. 489; State vs. St. Gemes, 31 An.

Sixth—It is not essentially necessary that questions should be brought before this Honorable Court on bills of exceptions or assignments of errors only, in order to authorize its interference. The Court can take cognizance of all errors patent on the record. State vs. Krepple, 20 An. 402; State vs. Morel, 20 An. 402.

The opinion of the Court was delivered by

LEVY, J.   The accused was prosecuted under an information against himself and four others, charging them with "being accessories, before the fact, of setting fire to and burning cotton." On motion of counsel for the State a severance was ordered and Charles Johnson was put upon trial, convicted and sentenced to imprisonment at hard labor in the State Penitentiary for the term of twenty years. From this sentence and judgment the accused, Charles Johnson, has taken this appeal.

Counsel for the accused have filed no brief in the case, and we, therefore, are without the aid of any arguments or citation of authorities by the defence in support of the grounds urged in the several bills of exceptions, motion for new trial and in arrest of judgment.

The first bill of exceptions was taken to the ruling of the court as to the competency of the juror, Putnam. This juror having been sworn on his *voir dire*, was asked by prisoner's counsel, if he had formed an opinion as to the guilt or innocence of the defendant, and he answered that he had; that it was such an opinion as would require testimony to overcome; that, at least the testimony of one honest witness having knowledge

of all the facts connected with the charge, would be necessary to put the juror's mind in an even balanced state. The court propounded the following question to the juror: "Is your mind in that condition that you can go into the jury-box and serve as a juror in this case, giving exact justice between the State and the accused, and try this case, from the evidence as given to you by the witnesses and from the law as given to you by the court, without regard to any impression or opinion you have formed with regard to his guilt or innocence?" and he answered "Yes, sir!" The prisoner challenged the juror for cause, and the court held, that he was a competent juror and that his answers showed that " he was impartial although his statements were somewhat confused." The juror was then challenged peremptorily by the accused. We think the juror was competent. He had evidently formed no such *fixed* opinion as would disqualify him. The question propounded by the court was a clear and explicit one, which probed, to the core, the conscience of the juror, plain and intelligible and easy of comprehension by a mind of even ordinary intelligence and although, as remarked by the judge *a quo*, his answers to counsel had been " *somewhat confused,*" that given to the court was clothed with no ambiguity, but was direct and fully responsive and established his competency.

The second bill is entitled to no weight. The information against the alleged principal and the endorsements thereon were admissible. The guilt of the principal, evidenced by his plea of guilty, regardless of the validity or invalidity, or defect of the indictment or information, could properly be shown by the judicial records offered in evidence. They simply showed that the principal had been informed against and had pleaded guilty. They were proof of *rem ipsam* and were properly admitted.

The third bill is taken to a certain portion of the charge of the court below. On the request of the District Attorney, on behalf of the State, the Court charged as follows: " Written statements of the witnesses, whether in the nature of confessions or otherwise, cannot be used on the side of the party offering the witness, to corroborate or contradict his own witness, nor can they be used if made by accomplices after the completion of the offense, except as against the person making them." The defense objected to this charge on the ground that " the court cannot charge on a hypothetical case." The judge *a quo* in his reasons in the bill of exceptions held : " The court thinks that while it is true the court cannot be compelled to charge on a hypothetical case, yet, if the testimony be not in the case to warrant such a charge, there is no harm done to the accused by the charge" and " there is no error to the prejudice of the accused."

" It is the prevailing rule that a mere abstract or theoretical error

in the rulings or instructions of the presiding judge or the refusal of them furnishes no ground of new trial, and this whether the error consisted in mere omission or in positive misdirection." "Error in stating an abstract principle not arising out of the evidence and nowise relating to the cause, shall not be taken advantage of by either party." Hilliard on New Trials, p. 260.

The motions for new trial and in arrest of judgment (to the denial of which the accused took bills of exception), were in our opinion properly overruled. The allegations in the information were sufficient to vest the court with jurisdiction and fulfilled the requirements of the statute for the violation of which the prosecution was had. Nothing in the record shows any error or irregularity in the additional charge to the jury, which is complained of in the motion in arrest. The sentence and judgment should not be disturbed.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.

----

### ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

TODD, J. Impressed by the earnest and able brief presented by the defendant's counsel for a rehearing, we have with the light and aid afforded by it, diligently and thoroughly re-examined and reviewed the proceedings in this case, and arrived at the conclusion that our previous decree must remain undisturbed.

The only question that deserves further notice from us is that in regard to the ruling of the judge *a quo* admitting in evidence the information against Thomas Melia, principal in the crime of which the accused in this case is charged to have been an accessory. We have no doubt that this information and the plea of guilty entered by Melia were properly admitted, and the objections offered by the counsel for the accused were properly overruled. The counsel, however, presents in connection with this ruling a question which, if it was really connected with this ruling or grew out of it, would present a matter for grave consideration. The court below decided that the information against the principal, and his plea of guilty thereto, were properly admitted in evidence against the accessory. From this it is argued in the brief of counsel, that if permitted to show that the principal in the offense had been indicted and convicted, that is not sufficient to warrant the conviction of the accessory; that it must also be shown that such principal had been *sentenced*. This question is presented for the first time by the argument before this Court, and is not raised by the proceedings in the court of the first instance. *Non constat* from the record that proof was not made on the trial that the principal had been sen-

tenced. The objections that were made to the admissibility of the information against him and of his plea thereto, do not touch this question. Nor does it appear at any stage of the proceedings that the judge *a quo* ruled on this point, or was asked or had occasion to do so. The judge was not requested to charge the jury that the conviction and *sentence* of the principal were conditions precedent to the conviction of the accessory. Nor was any bill retained to the testimony of the principal, who was called as a witness for the State. Nor are we bound to conclude from the fact of his being a witness that he had not been sentenced, although an objection on this ground might have excluded him. We cannot supply what the record fails to show, and rule on points mentioned in the argument of counsel, which are not raised by the proceedings in the lower court.

In our original decree we passed on all the issues properly presented for our decision, and if we failed to consider any questions argued by counsel in their briefs, either original or on rehearing, it was because they were not raised in the lower court and, therefore, not properly before us on appeal.

The rehearing is refused.