State vs. Taylor.

## No. 9295.

### THE STATE OF LOUISIANA VS. TONY TAYLOR.

An alleged defect in an indictment cannot be reviewed on appeal if urged in a motion for new trial. Such a ground must be presented by means of a motion to quash or a motion in arrest of judgment.

A complaint, in a trial for burglary, that the evidence failed to show that the deed was committed during the night time, and that the evidence which was circumstantial was not sufficient to convict, embodied as a ground for a new trial, cannot be considered by this Court, whose jurisdiction in criminal cases extends to questions of law alone. The Supreme Court cannot review the verdict of the jury on questions of fact. The jury are the sole judges of the guilt or innocence of the accused under the evidence.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais,* J.

*M. J. Cunningham,* Attorney General, and *James Wilkinson,* District Attorney, for the State, Appellee.

*J. G. MacMahon* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Defendant appeals from a conviction of burglary under section 852 of the Revised Statutes.

His complaint, embodied in a bill of exceptions, is levelled at the judge's refusal of a new trial.

The grounds of his motion were in substance:

1. That the indictment was defective for the reason that it failed to set forth the hour of the night at which the alleged crime was committed.

2. That the evidence failed to show that the deed was committed in the night-time, that the building which had been broken was appurtenant to a dwelling house, and that the circumstances making up the only evidence in the case, were not sufficiently strong to justify a conviction.

1. His first ground, which is an objection to the indictment, even if correct, cannot be presented in the shape of a motion for new trial. If it be an error of form, it should have been met by a motion to quash the indictment; if an error of substance, it should have been urged by means of a motion in arrest of judgment. Under elementary rules of criminal practice, both in this and in our sister States of the Union, a new trial cannot be granted on such a ground.

2. Counsel for the defense has not been more fortunate in the selection of his mode of presenting the second ground of his complaint.

In urging that ground in the shape in which he presents it, counsel has entirely lost sight of the restricted character of our jurisdiction in criminal cases. The Constitution has interposed an impassable barrier to any attempt on our part to review the verdict of the jury on questions of fact, Art. 81, and has limited our jurisdiction in such cases to questions of law alone.

The substantive meaning of the complaint is, that the jury convicted the accused on insufficient evidence. The jury were the sole judges of the question; whether the proof shows that the deed was committed in the night-time, or whether the building was appurtenant to a dwelling house under the meaning of the statute, or whether the circumstantial evidence introduced and relied on by the State was sufficient to convict.

Had the accused asked the judge to charge the jury that the elements which he sets forth were essential to a conviction of burglary under the section which was the legal basis of the prosecution, and had the judge declined to give such an instruction, a bill taken from the judge's refusal would have presented a question of law subject to our review. But, an attempt on our part to judicially entertain the merits of the motion for a new trial made by the defendant, on the grounds therein set forth, would involve us in a flagrant usurpation of jurisdiction. Such a power is not conferred, but is industriously withheld by the Constitution.

Conceding, for the sake of argument, that the jury made erroneous findings on all the points suggested by the accused, we are powerless to review their conclusions, because such a course would be "trying the case over again as to the facts." State vs. Polite, 33 Ann. 1016. The record presents no error subject to our review.

Judgment affirmed.