No. 12,921.

THE STATE OF LOUISIANA VS. AGRICOLE THERIOT.          50 1187
52 1464

An oath lawfully taken is the essential thing to be charged in an indictment for perjury; and in case perjury is assigned on a non-judicial oath it is insufficient to maintain a prosecution if the person who administered the oath was not legally authorized to administer that particular oath.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.   *Voorhies, J.*

M. J. *Cunningham*, Attorney General, and *James Simon*, District Attorney, for Plaintiff and Appellant.

*David Todd* for Defendant and Appellee.

Submitted on briefs November 12, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

WATKINS, J.   The State is appellant from a judgment and decree of the trial judge sustaining the defendant's motion to quash the indictment.

The indictment charges perjury, and the motion alleges that the indictment contains no averment which will support a conviction of perjury; and " that the oath alleged to have been falsely taken, appears by the very allegations in the indictment, not to have been made in any judicial proceedings; and (that) the oath set out in the indictment is one authorized by law, and not required to be made by any law or statute whatever; and is one the false taking of which violates no law, and on same no indictment for perjury can be predicated."

We make the following extract from the brief of the Attorney General as a succinct statement of the case of the State, viz.:

" The defendant in this case was indicted for the crime of wilful and corrupt perjury committed by making a false oath before the clerk of the Nineteenth Judicial District Court in and for the parish of Iberia, for the purpose of obtaining a marriage license. See indictment and oath.

" The accused filed a motion to quash the indictment, which was

sustained, and it is from the ruling of the trial judge sustaining the motion that the State appeals.

"The sole and only questions here presented are, whether a false oath made before the clerk of court in order to obtain a marriage license to marry a minor constitutes perjury; and whether the said clerk has the power and authority to administer said oath when he believes the applicant has not the consent of the parents and is falsely representing matters. If he has the power to administer the oath, is it not made pursuant to the laws of the State, and the false oath therefore perjury?

"Then, if our position is correct, the motion to quash should have been overruled."

The trial judge in sustaining the motion to quash says:

"The only question is, whether the clerk of court, under the law, had authority to administer the oath, the assigned basis of the perjury in this case. If he was not authorized to do so, then, the indictment can not be supported.

"Under Article 101, C. C., the only authority given to clerks in the matter of marriage licenses is to require of the intending husband a bond with surety in a sum proportioned to his means, with condition that there exists no legal impediment to the marriage. —— vs. ——, 15 An. 410; State vs. Dole & Ball, 20 An. 378.

"There is no doubt that to constitute the crime of perjury the oath must not only be a lawful oath, but it must be taken in due course of justice and by a court or magistrate having competent jurisdiction.

"Thus, in all cases when the law provides that an oath shall be administered, it is then administered in due course of justice. In a case of this kind, nothing is required but a bond, and the court is unable to see where the clerk of court derived his authority to administer the oath which this perjury has assigned." Flower vs. Swift, 8 N. S. 451; State vs. Wimberly, 4 So. Rep. 161; 8 Rob. 650.

In State vs. Dreifus, 38 An. 877, it was held that an "oath lawfully taken is an essential to the indictment and consequent conviction of perjury;" and that "in case perjury is assigned on a nonjudicial oath, it is insufficient to maintain a conviction, if the person administering the oath was not legally authorized to administer *that particular oath.*" And such authority does not appear in this instance.

The ruling of the trial judge is correct.

Judgment affirmed.