PROVOSTY, J:
Defendant was convicted of perjury, and sentenced to two years in the peniteiitiary, and he appeals.
The perjury is charged to have heen committed in a suit brought against defendant by his wife, wherein he tendered himself as a witness. On demurrer to the information defendant contended, and now contends, that, inasmuch as under, the law of Louisiana husband and wife are prohibited to testify for or against each other, his testimony assigned as perjury was null and void, and, in consequence, immaterial, and therefore lacking one of the essential elements of legal perjury—materiality.
We fail to see how defendant can say the testimony was immaterial, when, if it had been believed, his wife would have lost her suit by it. Suppose a wife is hanged on the false testimony of her husband, shall the perjurer be permitted to plead his incompetency as a witness, and say his testimony was immaterial? We imagine not. It is well settled that perjury may be predicated of false testimony though the witness was incompetent, even though by virtue of an express statute. Bishop, New Crim. Law, § 1019, par. 2; A. & E. Ency. of L. (2d Ed.) vol. 22, p. 691; Wharton, Crim. L. (10th Ed.) § 1280; Greenleaf, vol. 8, § 191; 8 Crim. Law Magazine, pp. 461, 464; McLain on Crim. L., vol. 2, § 865; Desty’s Am. Crim. L. § 750; Wharton’s Am. Crim. L. p. 653, § 4; Clark’s Crim. L. p. 334; Chamberlain v. People, 23 N. Y. 85, 80 Am. Dec. 255; People v. Bowe, 34 Hun, 528; State v. Molier, 12 N. C. 263; Sharp v. Wilhite, 21 Tenn. (2 Humph.) 434; Haley v. McPherson, 22 Tenn. 104; Pipes v. State, 26 Tex. App. 318-321, 9 S. W. 614; Rex v. Gibbons, 9 Cox, C. C. p. 105; Reg. v. Mullaney, 10 Cox, C. C. 97; Reg. v. Tichborne, London Law Times, May, 1873; Montgomery v. State, 10 Ohio, 220, 221; People v. Brown, 54 Mich. 15, 19 N. W. 571.
Defendant urges that the information does not sufficiently set forth that issue was joined in the suit wherein the perjury is charged to have been committed. The information does not apipear to us to be obnoxious to this objection; but, if it were, the irregularity would not be of so radical a nature as to justify the taking advantage of it for the first time in this court—that is to say, without its having been pleaded below. State v. Taylor, 37 La. Ann. 40; State v. Romano, Id. 98; State v. Johnson, 33 La. Ann. 889.
Judgment affirmed.