(97 South. 475)

No. 26015.

**STATE v. KEMP et al.**

(July 11, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Perjury ⟚27—Averment of falsity of facts stated in affidavit must be direct and specific.**

Under Rev. St. § 858, falsity of facts stated in affidavit which defendants were charged with procuring third person to make was gist of offense, and not mere inducement, and averment that they were false should be direct and specific. (Per Land, Overton, and Rogers, JJ.)

2. **Perjury ⟚27—Information held fatally defective, because not properly charging falsity of facts stated in affidavit.**

Under Rev. St. § 858, information charging that defendants procured juror to make false affidavit on motion for new trial, that he consented to verdict through fear, and that he was told by other jurors that they had better get together and bring in a verdict or they would be hung themselves, was fatally defective, where it merely charged that facts contained in the affidavit were known to defendants and the juror to be false and untrue, instead of charging that, in fact, affiant was not told by the jurors that they had better get together, etc. (Per Land, Overton, and Rogers, JJ.)

3. **Indictment and information ⟚108 — Sufficient for information to allege that affidavit on motion for new trial was taken and made pursuant to law.**

It was sufficient, in information charging defendants with procuring third person to make false affidavit for use on motion for new trial, to allege that the affidavit was taken and made pursuant to the laws of the state, without specifying any particular statute. (Per Land, Overton, and Rogers, JJ.)

154 La.—12

4. **Perjury ⟚13—May be predicated on juror's incompetent affidavit on motion for new trial.**

Subornation of perjury may be predicated on false affidavit made by juror for use on motion for new trial to impeach his verdict, though he was not competent witness for that purpose. (Per Land, Overton, and Rogers, JJ.)

5. **Perjury ⟚13—Affidavit of juror on motion for new trial held material.**

False affidavit, which defendants were charged with procuring juror to make for use on motion for new trial, and which was so used, and which stated that he only consented to verdict through fear of being mobbed, and that he was told by other jurors that they had better get together and bring in a verdict, or there would be trouble, and that those against hanging would be hung themselves, was material to the issue. (Per Land, Overton, and Rogers, JJ.)

Dawkins, J., dissenting.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

W. B. Kemp and another were charged with an offense, and from a judgment quashing the information, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., Matthew J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

W. H. McClendon, of Amite, for appellee Kemp.

W. A. Houghton, pro se.

LAND, J. Defendants are charged by information with procuring W. C. O'Brian, a juror on the panel in the trial of the case of State v. Joseph Rini et al., to commit perjury, by making a false affidavit before the defendant, William A. Houghton, a notary public of the parish of Tangipahoa. The information was quashed in this case, and the state has appealed.

The motion to quash is based upon the following grounds:

"(1) That the said bill of information does not show that the affidavit wherein it is alleged that perjury was committed was an affi-

davit taken and made pursuant to the laws of this state.

"(2) That the affidavit of W. C. O'Brian set out therein, in which it is alleged that perjury was committed, is an affidavit of a juror to impeach his own verdict, and was and is immaterial, and is inadmissible as evidence in any judicial proceeding.

"(3) That the information and the matters therein set forth are not sufficient in law to compel defendants to answer thereto.

"(4) That the bill of information is vague, indefinite, and confusing and uncertain in terms.

"(5) The bill as a whole sets out no offense known to the laws of the state of Louisiana."

Under the last ground of said motion, it is urged that the indictment herein filed is fatally defective, as it does not negative the alleged false matter, and a general averment that the accused swore falsely will not suffice.

[1, 2] The indictment is faulty in this particular. Section 858 of the Revised Statutes, prescribing the essential elements of an indictment for perjury, expressly provides that it shall contain "a proper averment to falsify the matter wherein the prejury is assigned."

The indictment sets out the substance of what was sworn to, but fails to state wherein such matter was false. This is of the gist of the offense, not mere inducement; consequently, the averment must be direct and specific. Bish. Cr. Pr. vol. 2, § 918.

The indictment does not proceed with proper denials of the truth of the affidavit made by O'Brian, as, for example: Whereas, in truth and in fact, W. C. O'Brian was not told by other jurors that they had better get together and bring in a verdict or there would be trouble, and that all those who were against hanging the defendants would be hung just like the dagoes, etc., as the said W. C. O'Brian then and there well knew. State v. Wells, Man. Unrep. Cas. 242.

These particular averments are technically termed assignments of perjury.

Mr. Bishop gives the following assignment as sufficient in charging perjury committed in an affidavit:

"Whereas, in truth and in fact, etc. (proceeding with the proper denials of its truth), as the said A. then and there well knew, against the peace," etc. Directions and Forms, § 874, p. 479.

The indictment merely alleges:

"Which said statement of facts contained in said affidavit the said William B. Kemp and the said William A. Houghton well knew to be false and untrue, and which statement of facts as contained in said affidavit the said W. C. O'Brian well knew to be false and untrue."

The rule as stated by Wharton is as follows:

"The general averment that the defendant swore falsely upon the whole matter will not be sufficient; the indictment must proceed by particular averments to negative that which is false, and it is necessary that the indictment should thus expressly contradict the matter falsely sworn to by the defendant." Whart. Crim. Law, vol. 2, § 1564, 11th Ed.

See Bish. New Crim. Proc. §§ 915, 978, 919; McClain, Crim. Law, § 880; Archbold's Crim. Plead. & Prac. (8th Ed.) 1733.

As said by this court in State v. Williams, 111 La. 1035, 36 South. 111:

"The great weight of authority seems to sustain this view."

The indictment in this case was properly quashed, as it fails to comply with this essential rule as to assignments of perjury, as expressly required by section 858 of the Revised Statutes and the authorities above cited.

[3] In answer to the first ground of the motion, it is clear from the recitals in the information that the affidavit was made and used in support of a motion for a new trial, and as such affidavit is not made in pursuance of any particular statute of this state, but under the laws of this state, as established by the decisions of this court, it was not legally possible for the district attorney to refer in the indictment to the particular statute requiring such affidavit to be made. It appears, however, upon the face of the indictment, that the affidavit is such as is required

by the laws of this state, as established by the decisions of this court; and this is sufficient, as the indictment recites that the affidavit was taken and made pursuant to the laws of the state of Louisiana. State v. Varnado (No. 26,016) post, p. 575, 97 South. 865.

The second ground of said motion is that the false affidavit which defendants are charged with procuring the juror O'Brian to make is immaterial and inadmissible in evidence, and therefore lacking in materiality, one of the essential elements of legal perjury.

[4, 5] The indictment in this case charges specifically that this affidavit was made to be used, and was used, as the basis for a motion for a new trial, which was overruled.

We fail to see how the defendants in this case can say that this affidavit was immaterial, when, had it been believed, the verdict would have been set aside in the Rini Case, and a new trial granted. The false affidavit of the juror O'Brian is as follows:

"That while the jury was out [in the case of State of Louisiana v. Joseph Rini et al.] the foreman called for the vote of the jury, stating, 'All in favor of conviction as charged hold up your hands,' whereupon ten men held up their hands; then affiant called for 'All in favor of conviction as charged without capital punishment hold up your hands,' whereupon he and one other juror held up their hands; that affiant only consented to the verdict of conviction as charged, when it looked, from the number of cars and people kept coming to the courthouse, that there was going to be trouble; that affiant was told by the other jurors that they had better get together and bring in a verdict, or there certainly would be trouble, and that all those who was against hanging the defendants would be hung just like the dagoes; that affiant only consented through fear of being mobbed, as it was looking pretty bad to affiant; that affiant under no other circumstances would have agreed to such a verdict, and that down deep in the affiant's heart it is not the verdict of affiant."

It is true that a juror is not a competent witness to impeach his own verdict; yet it is well settled that perjury may be predicated upon false testimony, though the witness was incompetent, even though by virtue of an express statute. State v. Moore, 111 La. 1006, 36 South. 100, citing numerous cases.

In the case of Reg. v. Gibbon, Leigh & C. C. C. 109, it was determined that, though the evidence was legally inadmissible, yet, being admitted, it became material, and perjury might be assigned upon it. See note, page 1698, Whart. Crim. Ev. 11th Ed.

In the case of Reg. v. Phillpotts, 2 Den. C. C. 302, it was held that the circumstance that the evidence was inadmissible, and was withdrawn, did not affect the question of perjury, as it could not purge the false swearing, and, if the evidence of the prisoner had been received, it would have been material to the issue, and, consequently, that the false oath of the prisoner amounted to perjury. See, note, page 1697, Whart. Crim. Ev. 11th Ed.

As the false affidavit of the juror O'Brian was used in the motion for a new trial, it may be said that it was received as evidence, as affidavits of the newly discovered witnesses are required by law to be used in support of a new trial and are admissible for such purpose. State v. Varnado, supra.

As the false statements contained in said affidavit, if true, would impeach and invalidate the verdict rendered in the Rini Case, said affidavit when received in evidence became material to the issue.

We therefore conclude that perjury may be assigned on the false affidavit made by the juror O'Brian, and that defendants may be lawfully indicted for subornation of perjury in procuring the juror O'Brian to make said false affidavit.

The judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the result, not for the reason given in the opinion by Mr. Justice LAND, but for the reason given in the dissenting opinion in State v. Varnado (No. 26,016) post, p. 575, 97 South. 865.

DAWKINS, J., dissents.

ST. PAUL and BRUNOT, JJ., concur in the decree.