State v. Horne

STATE OF NORTH CAROLINA v. NORRIS WAYNE HORNE, ALIAS
NORRIS WAYNE BENSON

No. 7512SC705

(Filed 4 February 1976)

1. Perjury § 5— establishment of perjury — evidence required

In a prosecution for perjury, the falsity of the oath must be estab-
lished by the testimony of two witnesses, or by the testimony of one
witness and corroborating circumstances.

2. Perjury § 5— indirect and circumstantial evidence — insufficiency

In a prosecution of defendant for perjury by falsely testifying in
the trial of another that such other person did not assist defendant
when defendant broke into four houses and stole property therefrom,
the State's evidence was insufficient for the jury where all of the
evidence at defendant's perjury trial that the other person assisted
defendant in the crimes was indirect and circumstantial and there was
no direct testimony that the other person did assist defendant in the
crimes.

APPEAL by defendant from *Bailey, Judge.* Judgment en-
tered 29 May 1975 in Superior Court, CUMBERLAND County.
Heard in the Court of Appeals 12 January 1976.

The defendant, Norris Wayne Horne, was charged in a bill
of indictment, proper in form, with four counts of perjury. The
jury found the defendant not guilty on the first count, guilty
on the second count, and the court allowed the defendant's mo-
tions for judgment as of nonsuit as to the third and fourth
counts. On the second count in the bill of indictment, the defend-
ant was charged with having perjured himself at the trial of
Johnny Jordan by testifying "falsely . . . on oath that Johnny
Jordan was not present and did not assist him on March 7, 1972"
when the defendant broke into and entered four different houses
in Fayetteville, North Carolina. From a judgment entered on the
verdict that the defendant be imprisoned for ten (10) years, he
appealed.

*Attorney General Edmisten by Associate Attorney Jack
Cozort for the State.*

*Sol G. Cherry for the defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the denial of his motion
for judgment as of nonsuit on the second count of the bill of

indictment. When the evidence offered at trial is considered in the light most favorable to the State, it tends to show the following.

Johnny Jordan was charged in four bills of indictment with breaking, entering, larceny, and receiving stolen goods from four different homes on 7 March 1972. He pleaded not guilty but was found guilty of felonious larceny on all four counts and guilty of breaking or entering on one count. At Jordan's trial, the defendant testified that he broke into the four homes named in the indictments and that Bradley Wellard was present and assisted him in the breaking and entering and larceny of the houses. He also testified that Johnny Jordan was not present and did not assist him on 7 March 1972 in the breaking and entering and larceny of the four houses.

At the defendant's trial for perjury in the Jordan case, Bradley Wellard testified that he was in Idaho at the time of the break-ins. This testimony was corroborated by the testimony of three members of his family from Idaho.

Sergeant Poole of the Cumberland County Sheriff's Department testified that he received a call on 7 March 1972 that a breaking and entering was occurring at Hilda Gray's home. Between 12:15 and 12:45, he observed a car towing a U-Haul-It trailer proceeding along U. S. 301 which matched the description of the one allegedly used in the crime. Poole followed the car and trailer and caught up with it at a Gulf station where it had been stopped by two city police officers. Johnny Jordan and the defendant were the only persons present other than the officers. Property belonging to Gray was found in the trailer along with other property later identified as stolen.

Sergeant Poole also testified that after arresting Jordan and defendant, he talked with the defendant at the Cumberland County jail. The defendant told him orally that Jordan was with him when he committed the break-ins. He also told Poole, though, that he would not sign a written statement, "the reason for it that he was scared to death of Johnny Jordan . . . Johnny Jordan would have killed him or would have had him killed . . . if he told on him."

The State also introduced portions of the transcript from the trial of Johnny Jordan where the defendant testified that the car was Jordan's. He also testified that he and Wellard had borrowed the car from Jordan to use in the crimes. He stated

State .v. Horne.

that Jordan knew nothing of the break-ins when he and Wellard returned the car but that Jordan and the defendant were together when the police stopped them only because Jordan had just given Wellard a ride to his own car and was returning to town.

The defendant did not testify at his trial for perjury.

Perjury is defined as "a false statement under oath, knowingly, wilfully and designedly made, in a proceeding in a court of competent jurisdiction . . . as to some matter material to the issue or point in question." *State v. Smith,* 230 N.C. 198, 201, 52 S.E. 2d 348, 349 (1949).

[1] In a prosecution for perjury, North Carolina requires that the falsity of the oath be established by the testimony of at least two witnesses, or from the testimony of one witness, along with corroborating circumstances. *State v. King,* 267 N.C. 631, 148 S.E. 2d 647 (1966) ; *State v. Arthur,* 244 N.C. 582, 94 S.E. 2d 646 (1956) ; *State v. Hill,* 223 N.C. 711, 28 S.E. 2d 100 (1943) ; *State v. Rhinehart,* .209 N.C. 150, 183 S.E. 388 (1936). Circumstantial evidence alone is not sufficient. Annot., 111 A.L.R. 825 (1937). "The law was intended to afford the defendant a greater protection against the chance of unjust conviction than is ordinarily afforded in prosecuting for crime." *State v. Hill, supra,* at 716. "If you weigh the oath of one man against another, the presumption always made in favor of innocence shall turn the scale in favor of the accused." *State v. Molier,* 12 N.C. 263, 265 (1827). To sustain a conviction for perjury, the falsity of the oath must be *directly* proved by one witness and there must be corroborating evidence of independent and supplemental character, sufficient to resolve "the dilemma of weighing [one] oath against [another]." *State v. Molier, id.* at 265.

[2] Applying the foregoing principles of law to the evidence in this case, we are of the opinion that defendant's motion for judgment as of nonsuit as to the second count of the bill of indictment should have been allowed. While there is plenary circumstantial and indirect evidence that Jordan did in fact participate in the breaking or entering and larceny cases and that the defendant swore falsely when he testified at Jordan's trial that Jordan did not assist him in the crimes, there is no direct evidence in this record that Jordan did in fact assist the defendant in the commission of the crimes. All of the evidence

introduced at the defendant's trial for perjury that Jordan assisted the defendant in the commission of the several crimes, wherein the defendant allegedly perjured himself, is clearly indirect and circumstantial and as such would be sufficient to corroborate the direct testimony of one witness if there was one witness to prove the falsity of the defendant's testimony. The requirement that the perjury be proved by two witnesses or at least one witness and corroborating circumstances is simply not satisfied in this case.

Reversed.

Judges PARKER and ARNOLD concur.