## 10900

### STATE v. HOLLADAY

(112 S. E. 827)

AFFIDAVITS—ADMINISTRATION OF OATH ON AFFIDAVIT HELD SUFFICIENT, ALTHOUGH OATH WAS NOT ACTUALLY DELIVERED TO AFFIANT.—The administration of oath on affidavit for issuance of search warrant was sufficient where, although the oath was not delivered to affiant, he stated to the Magistrate, "I want to make this affidavit before you," when he signed it.

Before PEURIFOY, J., Clarendon, March, 1921. Affirmed.

Ben Holladay indicted for violation of the prohibition law and upon conviction appeals.

*Messrs. Tatum & Wood,* for appellant, cite: *Evidence obtained under illegal search warrant is inadmissible*: 97 S. E., 62; 65 L. Ed. (U. S.), 316; Id., 311. *Search warrant was illegal:* 112 S. C., 342; 76 S. C., 135; 46 S. C., 39.

*Mr. Frank A. McLeod, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for manufacturing, unlawfully receiving, and unlawfully having in possession alcoholic liquors.

There is only one point in the case. It is claimed by appellant that the search warrant under which the search and seizure were made was illegal, in that the Magistrate did not actually swear the affiant. The warrant was issued on the affidavit of one Peavy. The Magistrate testified:

"A. He said, 'I want to make this affidavit before you,' and he signed it. Q. And you signed your name? A. Yes, sir. Q. But you didn't actually swear him? A. He knew he was swearing to it. Q. Did you deliver to him the oath? A. No, sir; he did not hold up his right hand and swear. Q. And you didn't swear him? A. Only by him saying he wanted to make the affidavit. Q. You didn't swear him, and he didn't make the oath before you? A. Only as I explained to you."

"By Mr. McLeod: Did or not Mr. Peavy know he was taking an oath? A. He did, sir."

That was sufficient.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICES COTHRAN and MARION concur.

Mr. Justice Cothran : I do not think that the affidavit was properly sworn to, but that the objection to the admission of the search warrant upon that ground was waived.