## COLE v. STATE.

No. A-11364.   Oct. 4, 1950.

(223 P. 2d 155.)

Bruce B. Potter, Blackwell, and Duffy & Johnson, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.   This appeal from a conviction in the county court of Kay county for the illegal possession of whisky may be determined by a consideration of the one question as to the sufficiency of the affidavit for search warrant.

In connection with the motion to suppress evidence presented on behalf of defendant,. the following stipulation was made:

"It is stipulated and agreed by all parties to this law suit that as regard to the application for search warrant directed to the residence of Howard Cole, the defendant, that the same was signed by Lowell O. Doggett, the County Attorney, in Newkirk, Oklahoma, and presented for the jurat and for the purpose of issuance of warrant by the assistant County Attorney, Herbert A. Turk, at Blackwell, Oklahoma, prior to the issuance of the search warrant and that the County Attorney did not appear before the Magistrate for the purpose of accepting or for administering the oath."

It is contended that the search warrant issued by the magistrate was void for the reason that no oath was

administered to the affiant by the magistrate as required by law. The Oklahoma Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized." Art. 2, § 30.

By statute it is provided:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched.

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist." 22 O.S. 1941 §§ 1223 and 1224.

In Farrow v. State, 71 Okla. Cr. 397, 112 P. 2d 186, 187, with one judge dissenting, this court sustained the validity of an affidavit where it was signed in the presence of the magistrate, but there was no actual administering of the oath to the affiant. We shall not attempt to extend the rules of law set forth in Farrow v. State, any further than they are extended in the decision in that case. It was therein held:

"No set formula is required as to an oath verifying a complaint for a search warrant, if there is an unequivocal act whereby affiant consciously takes on himself the obligation of an oath.

"No particular ceremony is necessary to constitute the act of swearing to an affidavit for search warrant; it is only required that something be done in the presence

of the magistrate issuing the search warrant which is understood by both the magistrate and the affiant to constitute the act of swearing.

"Where a deputy sheriff testifies on a motion to suppress the evidence that he was not formally sworn to the affidavit by raising his hand and invoking the deity, but that he had read the affidavit and signed the same, and handed it to the magistrate to procure a search warrant, and the magistrate places his jurat upon the affidavit and issues a search warrant based thereon, such affidavit is not subject to the objection that the deputy sheriff was not formally sworn to said instrument."

In 2 C.J.S., Affidavits, § 20, p. 959, it is stated:

"The requirement that an oath be administered is inherent in the very definition of an affidavit (supra § 1), so that not only is the administration of an oath essential to the validity of the instrument but also it is essential to constitute the paper an affidavit. * * *

"Oaths to affidavits ordinarily are not required to be administered with any particular ceremony, but affiant must perform some corporal act before the officer whereby he consciously takes upon himself the obligation of an oath; but it is not essential that he raise his hand."

No brief has been filed on behalf of the state, and we feel that this failure to file a brief was because the Attorney General was unable to find any authority to sustain the validity of a purported affidavit such as was used as a basis for the issuance of the warrant in the instant case.

We do not believe that an affidavit can be made by proxy, but the affiant must do some unequivocal act *in the presence of the magistrate* showing an indication that he intended to take the oath. Farrow v. State, supra; Loudermilk v. State, 83 Okla. Cr. 374, 177 P. 2d 129.

There are other issues raised in the brief of defendant, but in view of our decision that the purported affi-

320

davit was not sufficient in law to comply with the Constitution and statutes of Oklahoma, it is not necessary for us to consider the other questions that are presented.

The judgment and sentence of the county court of Kay county is reversed and remanded, with instructions to discharge the defendant.

BRETT and POWELL, JJ., concur.