Jack LINDLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12265.

Criminal Court of Appeals of Oklahoma.

Feb. 29, 1956.

Willard M. Gotcher, McAlester, and Paul W. Gotcher, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Jack Lindley, was convicted in the County Court of Pittsburg County, Oklahoma, for the offense of unlawful possession of intoxicating liquor in violation of 37 O.S.1951 § 82; sentenced to 30 days in jail and a fine of $50.00 and he appeals.

The defendant first alleges the court erred in over-ruling the motion to suppress evidence obtained in the search warrant. The search warrant, as originally issued, provided for the search of a certain white frame building, etc., the location of which was described as being the west 150 feet of lot 1, a subdivision of the NW¼ of the NE ¼ and W½ of the NE¼ of the NE¼ of Sec. 24, T 5, R 14 E, together with all outbuildings, places and premises used and connected therewith. Under authority of this warrant, the sheriff approached the premises and observed a Chevrolet automobile and a Chrysler automobile parked in the driveway of the premises. With the aid of field glasses, he procured the license number of both automobiles and returned to the Justice of the Peace where he therein inserted in the warrant the description of the said automobiles, with the consent of the Justice of the Peace. It appears that he was not formally sworn as to the information relating to the two automobiles. For the latter reason, the validity of the search warrant is attacked.

However, formal swearing was not necessary under the authority of Farrow v. State, 71 Okl.Cr. 397, 112 P.2d 186, 187, wherein it was said:

"It is only required that something be done in the presence of the magistrate issuing the search warrant which is understood by both the magistrate and the affiant to constitute the act of swearing."

Loudermilk v. State, 83 Okl.Cr. 374, 177 P.2d 129. Moreover, in the case of Leslie v. State, Okl.Cr., 294 P.2d 854, and under the authorities cited therein, it was not necessary for the sheriff to procure a second search warrant covering the said automobiles. The two automobiles were included within the description as originally contained in the search warrant and the subsequent attempt of the sheriff to include the automobiles therein, was an unnecessary, void, and useless effort, not affording the defendant grounds of relief in this case. The motion to suppress the search warrant was therefore, properly overruled by the trial court.

■ The defendant's next proposition is that the court erred in allowing the county attorney, on cross examination, to ask certain impeaching questions in relation to the conviction of a Jack Lindley in the state of Texas in 1926 for the crime of burglary. The record discloses that at the time of the alleged offense in Texas, the defendant was nine years of age. This evidence would have been highly prejudicial but the county attorney in his argument to the jury admitted his error and asked that the jury not consider the portion thereof and offered his apology to the defendant, his father, and the defendant's wife. We are inclined to believe that the county attorney's conduct, under these conditions, would not have been prejudicial to the defendant but to the state instead.

■ Next, the defendant complains that the county attorney asked the defendant, for the purpose of impeachment, if he had not been, "convicted in Muskogee for violation of the revenue act and was fined $50 a couple of years ago?" Later, he asked him if, on the "18th day of June, 1940 convicted in Muskogee Municipal Court violating the Revenue Act, given 30 days suspended, fined $150, paid $50?" Then, he was asked, "Were you convicted in Little Rock of transporting untaxpaid liquor and fined $500 in 1940, the 22nd day of December?" To all of the foregoing questions, the answer was no. Then he was asked, "Was it in McGee, Arkansas, then?" The county attorney stated that he would follow

these questions up by introducing the record at the proper time on rebuttal. The record discloses that the county attorney did not attempt to follow up these questions with proof that the defendant committed these offenses and was convicted therefor as the questions imported he was. In Clark v. State, 66 Okl.Cr. 255, 91 P.2d 686, 687, it was held:

"It is error for the county attorney in his cross-examination of the defendant to ask him impeaching questions which tend to prejudice the defendant's rights, or questions as to his having committed other crimes having a logical connection with the offense charged, if denied by the defendant, unless he follows up such questions by evidence to establish the facts contained in the questions propounded by the county attorney."

In the body of the foregoing opinion, the court says:

"Questions like the questions propounded to the defendant by the county attorney should never be permitted unless the State is in a position, if the defendant denies them, to prove the truth of the statements contained in the questions."

We are in accord with these principles. Such procedure would constitute grounds for reversal, where it contributed to the verdict rendered.

■ In the trial on the merits, it was developed that the defendant's automobile contained no liquor and that the second automobile on the premises was owned by a man named Hack Wilson. The defendant did not deny that he owned the liquor found in his home. That is, the 4/5 quart of Seagrams, the 4/5 quart of Samovar Vodka, the two pints of Heaven Hill whiskey, and two 4/5 bottles of Old Boston whiskey. He admitted that they belonged to him and testified that he had purchased the whiskey from Hack Wilson, and that Wilson, and his wife, had accompanied the defendant, and his wife, into McAlester where they did some shopping. Upon returning to their home, they found the search warrant on their front door and discovered that the

premises had been searched and all the liquor had been confiscated. He denied that a very large quantity of whiskey found in Wilson's automobile belonged to him. The defendant offered no evidence the whiskey found in his home was possessed for a lawful purpose. Hence, the defendant is bound by the provisions of 37 O.S.1951 § 82, to the effect that the keeping in excess of 1 quart of intoxicating liquor shall be prima facie evidence of an intention to convey, sell, or otherwise dispose of such liquors. The term prima facie evidence has been defined as that degree of proof which, unexplained or uncontradicted, is sufficient to establish unlawful intent, if it be credited by the jury. The jury, in such case, is not obliged to convict after presentation of prima facie proof. In fact, it has been held that whether or not such evidence is sufficient to overcome presumption of innocence by the defendant and to establish his guilt beyond a reasonable doubt, is for the determination of the jury in light of all the evidence. Johnson v. State, Okl.Cr., 237 P.2d 909. Under the established facts and the foregoing statute, the jury could have reached no other verdict, in the absence of evidence to overcome the presumption of unlawful possession.

█ The defendant contends, however, that the prejudicial intimations left by the county attorney's questions, as to other convictions, and not followed up by proof, prejudiced his rights. We could follow this reasoning if there was any evidence of a valid defense, but there is none. Moreover, we must hold the hearsay evidence complained of is clearly harmless, in this case, since the jury imposed the minimum sentence of a fine of $50 and 30 days in jail. Furthermore, the provisions of 22 O.S.1951 § 1068 are a mandate from the legislature to the effect:

> "No judgment shall be set aside * * * in any case * * * on the ground of * * * the improper admission * * * of evidence, * * * *, unless, in the opinion of the court * * * after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, * * *."

We cannot say that, in light of the entire record herein, to refuse the defendant's request for a reversal of the judgment herein imposed would result in a miscarriage of justice. Hence, it is apparent, under the law applicable herein, the conduct of the county attorney did not contribute to the verdict of the jury. No honest jury could have reached any other verdict than that of guilty.

Affirmed.

JONES, P. J., and POWELL, J., concur.