THE STATE OF OHIO, APPELLEE, *v.* BRIDENTHAL, APPELLANT.

(No. 6956—Decided October 25, 1972.)

Mr. *William R. Baird,* director of law, and Mr. *Donald S. Varian, Jr.,* for appellee.
Mr. *Ted Chuparkoff,* for appellant.

*Per Curiam.* An appeal has been lodged in this court from a judgment, rendered on the verdict of a jury, finding defendant guilty of driving a motor vehicle on a public highway while under the influence of alcohol. A violation of R. C. 4511.19 is specifically charged in the affidavit upon which the arrest is based.

There is before this court a narrative bill of exceptions, plus a supplemental narrative bill, both of which are properly authenticated.

The defendant, appellant herein, Jack Bridenthal states:

"1. The [trial] court committed prejudicial error in permitting the police officers to testify with reference to a breathelizer [sic] reading after the testimony had indicated that the police officers had failed to comply with Ohio Revised Code 4511.191 which makes it mandatory that the implied consent form be signed by a witness and the executing officer.

"2. The [trial] court committed prejudicial error in instructing the jury as to the presumption of driving under the influence in accordance with Ohio Revised Code 4511.19 after the testimony indicated that the police officers did not sign the implied consent form."

The supplemental narrative bill of exceptions says that the trial court instructed the jury as follows:

"If there was at that time [the time that the breathalyzer test was taken] a concentration of fifteen hundredths of one per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol, and that said presumption was rebuttable in accordance with Section 4511.19(B) of the Ohio Revised Code."

R. C. 4511.19(B) as it existed on October 27, 1970, when the alleged offense herein was committed, stated, in pertinent part:

"If there was at that time [of the alleged offense] a concentration of fifteen hundredths of one percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol * * *."

The trial court instructed the jury in the exact language of the statute and, hence, as to the claimed error on that subject, we reject the assignment.

We now direct our attention to the main thrust of the oral argument by counsel for the defendant which was directed to the failure of the arresting police officers to comply with R. C. 4511.191 and especially subsections (C) and (D); that is, in not signing the form on which the advice prescribed by the registrar of motor vehicles is written. It is claimed by counsel for the defendant that the signing of this form, by the witnesses to the giving of the advice thereon, is a mandatory requirement of the statute, and that the failure to so sign the form invalidates the proceedings. With this conclusion we do not agree.

In the instant case, the defendant gave his consent to a "breath" test, as provided by statute. The result of that test was introduced in evidence. Each officer testified that the written form above mentioned was read to the defendant, and it was thereafter that he consented to the test which was given. The result of the test was recorded by the officer who administered it.

That part of R. C. 4511.191, with which we are here concerned, to wit, subsection (C), states:

"Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section. The advice shall be in a written form prescribed by the registrar of motor vehicles and shall be read to such person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee. Such witnesses shall certify to this fact by signing the form."

It is evident from a reading of this subsection, and the following subsection (D), that the "fact" to be certified by the witnesses is that the alleged violator was told of the consequences of a refusal to take one of the tests prescribed by the statute.

In the instant case, there was no refusal to take a test and, hence, there was no need to require witnesses to do a vain act.

The claims of error herein are not tenable, and this court must affirm the judgment.

*Judgment affirmed.*

DOYLE, P. J., VICTOR and HUNSICKER, JJ., concur.

HUNSICKER, J. (Retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.)