304 So.2d 334 (1974)
STATE of Louisiana
v.
John K. SNYDER.
No. 55154.
Supreme Court of Louisiana.
December 2, 1974.
J. Minos Simon, Lafayette, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James D. Davis, Dist. Atty. Ad Hoc, for plaintiff-appellant.
MARCUS, Justice.
The state appeals the quashing of a bill of information charging John K. Snyder with perjury, La.R.S. 14:123, resulting from false answers given by him under oath to interrogatories in a civil suit.[1] The trial court quashed the information on the ground that no oral oath had been administered.
Defendant, a defeated candidate for mayor of the City of Alexandria in 1969, was sued in a civil proceeding for defamation. Certain interrogatories were filed in this defamation suit in which defendant allegedly gave false answers under oath. After the filing of the bill of information herein for perjury, defendant filed a motion *335 for a bill of particulars seeking specific information as to whether the notary administered an oath to defendant before he signed the interrogatories. The state answered that defendant had signed the answers to the interrogatories and the affidavit attesting to the truthfulness thereof in the direct presence of the notary and that, immediately thereafter and also in the presence of defendant, the notary dated and signed the jurat of the affidavit. It was admitted by the state that no oral or verbal oath was in fact administered to defendant, but only the written oath described above.[2]
A motion to quash was filed by defendant alleging that the bill of particulars discloses that no oath was administered to defendant; therefore, since the administering of an oath is an essential element of the crime of perjury, the charge should be quashed.
The trial court quashed the information ruling that the administering of an oral oath was an essential element of the charge of perjury. The state has appealed, urging that the signing of the jurat attached to the interrogatories suffices as a valid "oath" to form the basis of the charge under La.R.S. 14:123.
The pertinent portions of the statutes contained in our Criminal Code relating to the crime of perjury are herewith set out.
La.R.S. 14:123:
Perjury is the intentional making of a false written or oral statement in, or for use in, a judicial proceeding, or any proceeding before a board or official, wherein such board or official is authorized to take testimony. In order to constitute perjury the false statement must be made under sanction of an oath or an equivalent affirmation, and must relate to matter material to the issue or question in controversy.
It is a necessary element of the offense that the accused knew the statement to be false; but an unqualified statement of that which one does not know or definitely believe to be true is equivalent to a statement of that which he knows to be false.
. . . . . .
(Emphasis added.) La.R.S. 14:127:
It is no defense to a prosecution for perjury or false swearing:
(1) That the oath, or affirmation, was administered or taken in an irregular manner; or
. . . . . .
La.R.S. 14:128:
The making of a deposition, affidavit or certificate is deemed to be complete, within the provisions of this chapter, from the time when it is delivered by the accused to any other person, with intent that it be uttered or published as true.
Answers to interrogatories must be given "under oath." La.Code Civ.P. art. 1491. While we find no statutory law dealing with the formality which must be observed in order to constitute a declaration under oath, La.R.S. 14:127 provides it is no defense to a prosecution for perjury or false swearing that the oath, or affirmation, was administered or taken in an irregular manner.
*336 Defendant cites State v. Dreifus, 38 La. Ann. 877 (1886) and State v. Theriot, 50 La.Ann. 1187, 24 So. 179 (1898) for the proposition that the taking of an oath is essential to an indictment for perjury. Both of these cases deal with the legal authority on the part of the person administering the oath. Defendant argues that it therefore follows that, where no lawful oath is administered, the charge of perjury must be quashed.
The state cites State v. Varnado, 154 La. 575, 97 So. 865 (1923). This case involved an indictment for perjury which had been quashed by the trial court on the ground that the indictment charged no offense known to the laws of this state. One of the attacks made by the defendant on the validity of the indictment was that it did not allege that defendant Varnado was sworn or took an oath. It was held there that:
The indictment distinctly charges that the defendant made a false and untrue affidavit before the notary, and that he willfully, knowingly, corruptly, and falsely did swear to certain facts set out in that affidavit. These allegations clearly charge defendant with committing perjury in the affidavit in question. To allege that a person did swear to certain facts before a notary public, and that he did make a false and untrue affidavit before that officer, is to charge ex vi termini that he was sworn.
We therefore conclude that the indictment in this case is valid, and that the judgment quashing said indictment is erroneous.
While this case did not involve a claim that the oath was not administered, it is a recognition by this court that an indictment for perjury which alleges the averments required by law is valid and should not be quashed.
In the instant case, the information charges that defendant did state in writing under oath administered by a notary public false answers to interrogatories propounded to him in a judicial proceeding and that he knew these answers to be false and untrue. Further, the said answers were related to matters material to the issues and questions in controversy.
The averments of this information clearly state the crime of perjury punishable under a valid statute of this state (La. R.S. 14:123).
While this court has never passed upon the formality required to constitute a declaration under oath, it has been generally held that to constitute a valid oath, there must be, in the presence of a person authorized to administer it, an unequivocal act by which the affiant consciously takes on himself the obligation of an oath. It is sufficient that both the person swearing and the officer administering the oath understand that what is done is proper for the administration of the oath and all that is necessary to complete the act of swearing.[3] We agree with this generally accepted rule of law.
*337 In light of this pronouncement, we turn to an examination of the language contained in our perjury statute. La.R.S. 14:123 provides that, in order to constitute perjury, the false statement "must be made under sanction of an oath or an equivalent affirmation . . . ." We consider a valid interpretation of this phrase is that the oath may be oral or written. We are fortified in this conclusion by the provisions of La.R.S. 14:127 stating that it is no defense to a prosecution for perjury or false swearing "That the oath, or affirmation, was administered or taken in an irregular manner; . . . ." The enactment of this latter provision into our Criminal Code has committed this state to a liberal policy in ruling upon questions of whether there has been compliance with formalities in oath taking. However, the question of whether or not "an oath" was in fact administered or taken in this case addresses itself to a determination at the time of trial on the merits. We are simply saying that the information contains sufficient allegations to charge the crime of perjury. Thus, the information is valid and the judgment, quashing said information is erroneous.
For the reasons assigned, we reverse the ruling of the trial judge sustaining the motion to quash and remand the case for further proceedings according to law and consistent with the views herein expressed.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
The information, supplemented by the allegations in the answer to the motion for a bill of particulars, sufficiently charge the crime of perjury.
NOTES
[1] Previously, in State v. Snyder, 256 La. 601, 237 So.2d 392 (1970), this court, in reversing the ruling of the trial judge, ordered the district attorney recused. In State v. Snyder, 277 So.2d 660 (1973), on rehearing, we affirmed our judgment on original hearing reversing the judgment of the trial court sustaining defendant's motion to quash the perjury indictment and remanded the case for further proceedings according to law and consistent with the views therein expressed. However, we affirmed the judgment of the trial court sustaining the motions to quash the bills of information relating to other matters not germane to the present proceeding.
[2] This clause reads as follows:
STATE OF LOUISIANA PARISH OF
 RAPIDES

BEFORE ME, the undersigned authority, personally came and appeared JOHN K. SNYDER, who being first duly sworn, deposed and said that he is the defendant in the above captioned cause, that the above and foregoing answers to interrogatories on facts and articles propounded to him by plaintiff herein are true and correct.
 s/John K. Snyder
 John K. Snyder
SWORN TO and subscribed before me,
Notary, this 30th day of Mav, 1969.
 s/Lewis O. Lauve
 NOTARY PUBLIC

[3] McCain v. Bonner, 122 Ga. 845, 51 S.E. 36 (1905); State v. Parker, 81 Idaho 51, 336 P.2d 318 (1959); In re Rice, 35 Ill. App.2d 79, 181 N.E.2d 742 (1962); Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La.App.3d Cir. 1966); Rousseau v. Democratic Parish Executive Committee, 164 So. 175 (La.App. 1st Cir. 1935); Atwood v. State, 146 Miss 662, 111 So. 865 (1927); Lindley v. State, 294 P.2d 851 (Okla.Crim. App.1956); Cole v. State, 92 Okl.Cr. 316, 223 P.2d 155 (1950); Farrow v. State, 71 Okl.Cr. 397, 112 P.2d 186 (1941); Vaughn v. State, 146 Tex.Cr.R. 586, 177 S.W.2d 59 (1944); State v. Douglas, 71 Wash.2d 303, 428 P.2d 535 (1967). This same rule has been applied to perjury prosecutions in the cases of: Cox v. State, 164 Ark. 126, 261 S.W. 303 (1924); State v. Anderson, 178 Kan. 322, 285 P.2d 1073 (1955); State v. Kemp, 137 Kan. 290, 20 P.2d 499 (1933); State v. Blaisdell, 253 A.2d 341 (Me.1969); State v. Madigan, 57 Minn. 425, 59 N.W. 490 (1894); State v. Dodd, 193 Wash. 26, 74 P.2d 497 (1937).