308 So.2d 880 (1975)
Jo Catherine Osbourne NEELY a/k/a Jo O. Neely, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, DRIVERS LICENSE DIVISION, Defendant-Appellee.
No. 12523.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
*881 Caddo-Bossier Legal Aid Society, by J. Waddy Tucker, Shreveport, for plaintiff-appellant.
Foye L. Lowe, Jr., Baton Rouge, for defendant-appellee.
Before AYRES, HALL and DENNIS, JJ.
HALL, Judge.
This is an appeal from a judgment of the district court rejecting appellant's prayer for an injunction and affirming a ruling of the Louisiana State Department of Public Safety, License Control and Driver Improvement Division, suspending appellant's drivers license for a period of six months for failure to submit to a test to determine blood alcoholic content in accordance with LSA-R.S. 32:661 et seq. We reverse the judgment of the district court.
On December 30, 1973, while investigating a shooting incident at appellant's home, where he found her in a very intoxicated condition, the arresting officer received information leading him to believe appellant had earlier been involved in a hit and run accident. The officer had appellant accompany him to the scene of the accident where she was identified by a witness as the driver of the hit and run automobile. The description of the automobile involved in the accident matched appellant's automobile, which had damage consistent with the accident. The license number of the automobile involved in the accident corresponded with appellant's license number. The officer placed appellant under arrest for DWI and took her to the police station, where, according to the officer's testimony, she was requested to take a test and was advised of her rights and consequences of refusal. She refused to take the test.
According to the evidence, the accident was reported as having occurred at 2:30 *882 p.m., the arrest at 3:30 p.m., and the refusal to take the test at 3:45 p.m.
After appellant's refusal to take the test, the officer then filled out and signed a report, in affidavit form, containing the information required by LSA-R.S. 32:667. The affidavit purports to have been sworn to and subscribed before a notary on December 31, 1973 and is signed by a "notary or other authorized officer".
On cross examination, the arresting officer testified he signed the form on the date of arrest, December 30. The form shows it was signed by the notary on December 31. When asked when it was notarized, the officer replied "I don't have any knowledge of notarized".
Appellant specifies the court erred in holding that (1) the police officer signed a sworn statement as required by the statute; (2) plaintiff did, in fact, refuse to take a sobriety test; (3) the arresting officer had reasonable grounds to believe that Mrs. Neely was driving an automobile and was driving under the influence of alcoholic beverages; and (4) the statute is applicable to a person arrested at her home subsequent to a driving accident.
In support of her first specification of error, appellant contends the statute requires in mandatory terms that the officer submit a sworn report to the Department as a prerequisite to the Department taking action to suspend a drivers license. It is urged that the evidence in this case shows the officer signing the form did not sign in the presence of the notary, who signed the next day, and that the officer did not know anything about the from being "notarized".
LSA-R.S. 32:667 provides in part:
"If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(C) and that the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any non-resident operating privilege for a period of six months from the date said license is delivered to the department of public safety." (Emphasis supplied)
While the form signed by the officer appears regular on its face, the evidence is that it was not signed by the officer in the presence of the notary and that the officer did not know anything about it being "notarized". The form, signed in such a manner, is not a "sworn" report as required by the statute. The report containing the essential information on which the serious penal action of the Department must be based was not made under oath.
An oath may be oral or written and it is no defense to a prosecution for perjury or false swearing that the oath was administered or taken in an irregular manner. State v. Snyder, 304 So.2d 334 (La. 1974); LSA-R.S. 14:127.
In Snyder, the defendant moved to quash a bill of information charging him with perjury resulting from false answers given by him under oath to interrogatories in a civil suit on the basis that no oral oath was administered. In holding that the information contained sufficient allegations to charge the crime of perjury, the Supreme Court held that whether or not an oath was, in fact, administered addresses itself to a determination at the time of trial on the merits. The court stated that "it has been generally held that to constitute a valid *883 oath, there must be, in the presence of a person authorized to administer it, an unequivocal act by which the affiant consciously takes on himself the obligation of an oath. It is sufficient that both the person swearing and the officer administering the oath understand that what is done is proper for the administration of the oath and all that is necessary to complete the act of swearing".
In Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La.App. 3rd Cir. 1966) the court approved the following rules stated in 67 C.J.S. Oaths and Affirmations § 6, page 8:
"Some unequivocal act, by which a person consciously takes on himself the obligation of an oath, is necessary to make a valid oath and to distinguish between an oath and a bare assertion or unsworn statement. While the uplifting of the hand is formal enough to make an oath legal and binding, the holding up of the hand is not necessary; it is sufficient if the person swearing does some corporal act after having been called on to do so and after his attention has been directed to the necessity of swearing to his statement, or if both the person swearing and the officer understand that what is done is proper for the administration of the oath and all that is necessary to complete the act of swearing."
In the instant case the police officer did not sign in the presence of a notary and knew nothing about the form being "notarized". The signing of the form by the police officer did not amount to a declaration under oath under the rule expressed in Snyder. The form signed by him did not constitute a "sworn report" as required by the statute.
The requirement of the statute that the report of the officer reciting the essential facts upon which the Department's action must be based be "sworn" is an important requirementnot a mere technicality. The report of the officer triggers immediate, mandatory suspension of the drivers license by the Department under the provisions of the statute. Although the holder of the drivers license is afforded an opportunity for a hearing and judicial review on his request prior to actually surrendering the license, he is, based on the report alone, put in the position of having to take affirmative steps to defend himself. The procedure is much in the nature of a criminal or at least quasi-criminal prosecution. It should not be instituted on the basis of anything less than a sworn report, under oath, that the essential facts exist.
The requirement of the statute that a sworn report be submitted not having been complied with, the action of the Department in suspending appellant's drivers license was not valid. Appellant is entitled to have the order of the Department set aside.
The foregoing issue being dispositive of the case, it is unnecessary to discuss appellant's other specifications of error.
For the reasons assigned, the judgment of the district court is reversed; the order of the Louisiana Department of Public Safety, License Control and Driver Improvement Division, dated March 15, 1974, suspending the drivers license of Jo Catherine Osbourne Neely is reversed, vacated and set aside; and the Department is hereby permanently enjoined from enforcing said order.
Reversed and rendered.