The State of Ohio, Appellant, *v.* Edgeworth, Appellee.

(No. 7947—Decided January 16, 1976.)

*Mr. M. Scott Ramey*, prosecuting attorney, for appellant.

*Mr. Joseph D. Weisberg*, for appellee.

Brown, P. J. This appeal has been taken pursuant to Criminal Rule 12(J) by the state of Ohio from an order of the Sylvania Municipal Court granting the motion of defendant, the appellee, to suppress evidence. The order of the trial court suppressed the results of the breathalyzer

test and the use of the videotape taken of the defendant at the time of her arrest. Defendant had been arrested for violating R. C. 4511.19. Defendant thereafter entered a plea of not guilty to the charge.

Plaintiff's assignment of error states as follows:

"The Trial Court Erred In Granting The Defendant's Motion To Suppress The Result Of The Breathalyzer Test And The Use Of The Video Tape Taken Of The Defendant At The Time Of His Arrest Which Motion Was Based Upon An Alleged Failure To Comply With Ohio Revised Code Section 4511.191."

After the arrest, defendant had her rights read to her with reference to the taking of the breathalyzer test, as contained in form HP 7 OD (10-68). This form is prescribed by the registrar of motor vehicles pursuant to his authority under R. C. 4511.191(C) and (D). After the reading of these rights to defendant, she consented to take the breathalyzer test. The test was then conducted. The physical performance tests by defendant immediately following were preserved on videotape.

Defendant contends that the suppression order was correctly granted because the above report form HP 7 OD (10-68) was not sworn to under oath by the arresting officer and another police officer or civilian police employee stating that defendant had her test rights read to her as required by R. C. 4511.191(C). With this contention we disagree. Neither party hereto raised the issue of the necessity to comply with either R. C. 4511.191(C)* or (D) where a defendant voluntarily takes the test and the case

---

*"Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section. The advice shall be in a written form prescribed by the registrar of motor vehicles and shall be read to such person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee. Such witnesses shall certify to this fact by *signing the form*." (Emphasis added.)

is brought under R. C. 4511.19. The syllabus of State v. Bridenthal (1972), 32 Ohio App. 2d 130, reads as follows:

"The requirement in R. C. 4511.191(C), that witnesses to the fact that the written form setting forth the consequences of a refusal to submit to the chemical test provided by statute has been read to the alleged offender in the presence of the proper officers are necessary, applies only where there is a refusal to take the designated test. The witnesses need not certify to the fact where the alleged offender submits to the test."

Cf. State v. Myers (1971), 26 Ohio St. 2d 190; State v. Mohr (1971), 26 Ohio St. 2d 204 (failure to advise of independent test under R. C. 4511.19.)

Nevertheless, we shall consider the assignment of error and arguments briefed by counsel.

Even if paragraph (C) of R. C. 4511.191 is arguably applicable to the facts in the present case, full compliance therewith existed. The arresting officer and other police officers signed the prescribed form and thereby certified that her test rights were read to the defendant. Such signing or certification is not required to be made under oath—i. e., notarized.

No authority or rationale is advanced for that part of the order which suppressed the videotape of the physical performance tests of defendant. Such evidence was a pictorial chronicle of facts relevant to the ultimate issue in this case. It is, therefore, also error to suppress the videotape of the physical performance tests.

The judgment of the Sylvania Municipal Court pertaining to the suppression order is reversed, at the costs of defendant, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

WILEY and POTTER, JJ., concur.