prive the State of the right to show how the appellant might have become possessed with the check. *State v. McDonald*, 116 Wash. 668, 200 P. 326. See also *People v. Klopfer*, 61 Cal.App. 291, 214 P. 878, wherein the government was permitted to offer evidence that the place of business of the witness had been burglarized and blank checks had been stolen, and the defendant had uttered some of the checks which had been forged, and had one on his person."

**T. D. B., a juvenile, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–76–907.**

Court of Criminal Appeals of Oklahoma.

March 14, 1977.

R. Jay Cook, Muskogee, for appellant.

James E. Edmondson, Asst. Dist. Atty., Muskogee, County, for appellee.

## OPINION

BUSSEY, Presiding Judge:

T. D. B., a juvenile, appeals from the order of the Juvenile Division of the District Court, Muskogee County, Case No. JF–76–101, waiving jurisdiction over him and empowering the State to prosecute him as an adult for the crime of Murder in the First Degree.

On the 10th of September, 1976, the juvenile made his initial appearance. At this time, it was discovered that the State's petition lacked a valid verification, in that the signature of Julian K. Fite, the verifying party, had not been properly attested.

Whereupon, the presiding judge appended his signature as the attesting official, although Mr. Fite was not then present, and the Judge had not been present when the petition was verified. The Appellant's motion to quash said petition was overruled and the certification hearing was subsequently had. From said hearing the appellant has perfected a timely appeal.

Due to the determinative nature of the appellant's second assignment of error, this Court need not address the other assignments of error raised by the appellant in this case. The appellant contends that the petition to certify him to stand trial as an adult was defective because of improper verification and that, therefore, the court should have sustained his motion to quash said petition. A review of the record substantiates the appellant's averment that the verification signed by Julian K. Fite, District Attorney for Muskogee County, was not subscribed in the presence of the witnessing official, but, in fact, when the witnessing official appended his signature Mr. Fite was not even in his presence.

Clearly, 10 O.S.Supp. 176, § 1103 requires that the petition be verified. Further, this Court in *Ivy v. State*, Okl.Cr., 414 P.2d 1007 (1966) held that a verification is defective unless sworn to and signed before the attesting officer. In *Cole v. State*, 92 Okl.Cr. 316, 223 P.2d 155, 157 (1950) this Court stated that we do not believe that an affidavit can be made by proxy but the affiant must do some unequivocal act in the presence of the magistrate showing that he intended to take the oath.

We hold the petition in this case was not properly verified in compliance with the requirements of 10 O.S.Supp. 1976, § 1103, which in pertinent part states: "The petition *shall* be verified . . . ." Without proper verification the Court was without authority to conduct the certification hearing and waive juvenile jurisdiction.

Accordingly we reverse and remand with directions to file a proper petition and proceed without delay.

BLISS and BRETT, JJ., concur.