# STATE OF FLORIDA v TURNER

## Case No. 65909/10/11-QD

County Court, Volusia County

June 2, 1988

### APPEARANCES OF COUNSEL

**Rosemary Calhoun,** Assistant State Attorney, for plaintiff.
**Flem K. Whited, III** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS MATTER came before the Court on May 24, 1988 on Defendant's Motion for Rehearing to reconsider this Court's order denying his Implied Consent Petition. This Court upon reivew of the testimony of the two witnesses, the refusal to submit to breath, urine, or blood test form (HSMV 72054 (Rev. 9/86)S), argument of counsel, and the law finds as follows:

The facts in the instant case show that Officer R. W. Milstead of the Holly Hill Police Department had reasonable cause to believe the defendant herein had been driving a motor vehicle in Florida while under the influence of alcoholic beverages. Office Milstead, based on his observations of the defendant's driving and of the defendant and his performance on field sobriety tests, placed the defendant under arrest for driving under the influence. Office Milstead testified that Sergeant G. Blais, at the station, informed the defendant of Florida's Implied Consent Law. The defendant, when requested by Sergeant Blais to take a breath test, refused.

A refusal to submit to breath, urine, or blood test form (HSMV 72054 (Rev. 8/83)S) was signed and sworn to by Officer Milstead. The form provides:

That I did have reasonable cause to believe the person had been driving, or had been in actual physical control of a motor vehicle within this state while under the influence of alcoholic beverages, or chemical or controlled substances; that prior to requesting the person to submit to a breath or urine test I did place the person under lawful arrest.

That at the time and place, *I* did request said person to submit to a breath, urine, or blood test to determine the content of alcohol in his blood or the presence of chemical or controlled substances therein. *I* did inform said person that his refusal to submit to such test or tests will result in the suspension of his privilege to operate a motor vehicle for a period of 1 year for a first refusal, or for a period of 18 months if the driving privilege of such person had been suspended previously for refusing to submit to such test or tests.

Said person did at that time and place refuse to submit to such test or tests. [Emphasis added]

Section 322.261(1) *Fla. Stat.* (1987) provides:

If any person refuses an officer's request to submit to any breath, urine, or blood test provided in § 316.1932, the department, upon receipt of the officer's sworn statement that he had reasonable cause to believe the person had been driving. . . within this state while

111

under the influence of alcoholic beverages . . . and the person had refused to submit to the test or tests after being requested to do so by the officer, . . .

Section (3)(a)-(d) specifies the issues determinative in the Implied Consent hearing.

There appears to be no case law on point. The Court in *Helsten v. Schwendiman,* 668 P.2d 509 (Utah 1983) dealt with an analogous issue which has implications to the instant case. Helsten contended that the driver's license revocation procedure was invalid because the arresting police officer failed to submit a sworn refusal report. The applicable Utah statute provides:

If [a person who a peace officer has reasonable grounds to suspect has been driving a motor vehicle while under the influence of alcohol or drugs] has been placed under arrest and has thereafter been requested by a peace officer to submit to any one or more of the chemical tests provided for in subsection (a) of this section and refuses to submit to such chemical test or tests, such person shall be warned by a peace officer requesting the test or tests that a refusal to submit to the test or tests can result in revocation of his license to operate a motor vehicle. Following this warning, unless such person immediately requests the chemical test or tests as offered by a peace officer be administered, no test shall be given and a peace officer shall submit a sworn report that he grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or any drug or combination of alcohol or any drug and that the person had refused to submit to a chemical test or tests as set forth in subsection (a) of this section. . . .

The police officer's refusal was not signed in the presence of a notary, and hence was not a sworn report as required by the statute, i.e., the jurat on the report was false.

The Court noted that states with similar implied consent statutes have held that if an officer's report that initiates the administrative revocation proceeding is not under oath the ensuing proceeding is invalid. The Court accepted and relied on the rationale for a sworn refusal report as stated in *Wilcox v. Billings,* 438 P.2d 108 (Kan. 1968). The Kansas Supreme Court stated that the requirement of a sworn report affords "some measure of reliability and some protection to the licensee against unwarranted accusation". The oath encourages honesty in filling out the report, both by the act of swearing, which emphasizes the serious implication of the report's contents, and by the

112

penalties attached to false swearing. The statutory requirement is appropriate because the driver "based on the report alone, [is] put in the position of having to take affirmative steps to defend himself" *Neely V. State,* 308 So.2d 880 (La. Ct. of App. 1975). See also *State v. Edgeworth,* 355 N.E.2d 831 (Ohio Ct. App. 1976).

The sworn to refusal form in the instant case indicates that Officer Milstead personally advised the defendant of the Florida Implied Consent Law, requested a chemical test, and received a refusal. Officer Milstead's testimony shows such was not the case. Thus, since the requirement of § 322.361(1) was not met, the implied consent proceedings in the instant case are invalid.

This Court makes the following observations in dicta. Section 322.261 sets forth procedures which assure due process prior to the suspension of a driver's license for a refusal to submit to a chemical test. The determinative issues in an implied consent hearing are listed in § 322.261(3)(a-d). Although the listed determinative issues do not focus on a single officer, subsection (1) seems to suggest that the arresting officer must request the chemical test which implies that the same officer must advise the defendant of the implied consent law, and receive the refusal.

The Florida Legislature, if it chose, could eliminate any dual officer problem by requiring the advisement of the implied consent law, test request and refusal receipt be by a law enforcement officer rather than by the arresting officer. Thus the arresting officer could properly swear that such was completed, although obviously not by him/her. Likewise, if the purpose of the refusal form is to initiate the implied consent proceedings, provide reliability and due process to the licensee, attestation by both the arresting officer and breath test operator would arguably fulfill these purposes.

Irrespective of the above, the sworn to affidavit in the instant case was false, thus the implied consent proceeding was invalid. The denial of the implied consent petition in this court's order of April 20, 1988 is hereby set aside. Defendant's implied consent petition, based on the rationale contained herein, is granted.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County this 2nd day of June, 1988.