## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 11 2017, 5:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Todd Ess
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Omid Petrelli,<br>*Appellant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee.* | October 11, 2017<br><br>Court of Appeals Case No.<br>49A02-1704-MI-741<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Sheila A. Carlisle, Judge<br><br>The Honorable Stanley E. Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-1606-MI-23088 |

**Bailey, Judge.**

# Case Summary

After obtaining a search warrant, law enforcement opened a suspicious package addressed to Omid Petrelli ("Petrelli") that contained $19,740 in cash. The State moved to transfer the money to the United States, and the trial court so ordered. Petrelli now challenges the transfer order, arguing that the money was unlawfully seized because of a defect in the underlying search warrant affidavit.

We affirm.

# Facts and Procedural History

On June 14, 2016, Detective Gary Hadden ("Detective Hadden") and his canine partner Leona examined several suspicious packages at an Indianapolis shipping company. After sniffing a parcel addressed to Petrelli, Leona indicated that she detected the odor of a controlled substance. Detective Hadden then applied for a search warrant, which was issued, and a subsequent search of the package revealed $19,740 in United States currency. The money was confiscated as proceeds of narcotics trafficking and money laundering.

Pursuant to Indiana Code Section 35-33-5-5(j), the State filed a motion seeking to transfer the money to the United States. Petrelli opposed the motion, arguing that the search was unlawful because the warrant was predicated upon a deficient affidavit. Following a hearing, the trial court granted the motion.

Petrelli now appeals.

# Discussion and Decision

[6] The propriety of a transfer order under Indiana Code Section 35-33-5-5(j) is dependent on the lawfulness of the search that led to the state obtaining the property in question. Ind. Code § 34-24-1-2(a) (providing that "[p]roperty may be seized . . . only if . . . the seizure is incident to a lawful . . . search"); *Membres v. State*, 889 N.E.2d 265, 269 (Ind. 2008) (applying Indiana Code Section 34-24-1-2(a) and concluding that "if the search or seizure . . . was unlawful, the turnover must be reversed"). The lawfulness of a search is a question of law, which we review de novo. *Membres*, 889 N.E.2d at 268.

[7] Petrelli argues that the search was unlawful because the search warrant was not supported by a sufficient oath or affirmation. Both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution generally proscribe warrantless searches and require that a search warrant issue only upon probable cause, supported by oath or affirmation. As for the adequacy of the oath or affirmation, the Fourth Amendment and Article 1, Section 11 have similar concerns—namely, that the oath or affirmation impress upon the swearing individual an appropriate sense of obligation to tell the truth. *See Wallace v. State*, 199 Ind. 317, 157 N.E. 657, 660 (1927) (observing that an oath or affirmation "must bear the countenance of truth, which is so infallible that either an action for damages or a criminal charge of perjury may be legally predicated thereon, if such statement is untrue"); *State v. Holladay*, 120 S.C. 154, 112 S.E. 827 (1922) (concluding that the oath requirement was satisfied when the affiant stated to a magistrate judge, "I want to make this

affidavit before you," when the affiant knew that he was making an oath); *see also United States v. Dunnigan*, 507 U.S. 87, 97 (1993) (observing, in approving of perjury statutes, that "[a]ll testimony . . . has greater value because of the witness'[s] oath and the obligations or penalties attendant to it.").

Independent of these constitutional provisions, Indiana Code Section 35-33-5-1 provides that a warrant is properly issued "only . . . [when] supported by oath or affirmation," and a related code section states in pertinent part:

> An affidavit for search substantially in the following form shall be treated as sufficient:
>
> . . . A B swears (or affirms, as the case may be) that he believes and has good cause to believe (here set forth the facts and information constituting the probable cause) that (here describe the things to be searched for and the offense in relation thereto) are concealed in or about the (here describe the house or place) of C D, situated in the county of _____, in said state.
>
> In accordance with Indiana Trial Rule 11, I affirm under the penalties for perjury that the foregoing representations are true.
>
> _____
>
> (Signed) Affiant Date

I.C. § 35-33-5-2(c). Indiana Trial Rule 11(B) provides that an oath is sufficient

> if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.
>
> (Signed)_____ "

[9] Here, at the bottom of the search warrant application, just above Detective Hadden's electronic signature, the application states as follows: "I swear or affirm under the penalties for perjury that the foregoing is true." Exh. 1. Petrelli does not dispute that the application states as much, but argues that the oath is rendered ineffective because of a statement made elsewhere in the document. That is, the following language appears on the first page of the application: "I swear (affirm), under penalty of perjury *as specified by IC 35-44-2-1*, that the foregoing and following representations in this document are true." *Id.* (emphasis added). Petrelli points out that the cited code section was repealed in 2012 and its content, which criminalizes the act of perjury, now appears in Indiana Code Section 35-44.1-2-1. Thus, according to Petrelli, "Detective Hadden's oath contains an obvious defect that cannot be undone." Appellant's Br. at 13.

[10] We disagree. Detective Hadden made an oath—in two places—under the penalty for perjury, and the reference to the outdated code section amounts to mere surplusage. *See Frink v. State*, 568 N.E.2d 535, 536 (Ind. 1991) (refusing to reverse for technical error where "the purpose of the oath requirement was fulfilled"). We conclude that the probable cause affidavit satisfied the oath requirements set forth in the United States Constitution, Indiana Constitution,

and Indiana Code.  Moreover, as Petrelli has alleged no other defect with the search warrant or ensuing search, we hereby affirm the transfer order.

# Conclusion

The probable cause affidavit contained an adequate oath to support the issuance of the search warrant; thus, the search that produced the $19,740 was lawful and the confiscated money was properly subject to the transfer order.

Affirmed.

Baker, J., and Altice, J., concur.