353 So.2d 355 (1977)
Danny M. GUNSTREAM
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Through LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION.
No. 11632.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Rehearing Denied December 28, 1977.
Norman W. Ershler, Baton Rouge, of counsel, for plaintiff-appellant, Danny M. Gunstream.
Foye L. Lowe, Jr., Baton Rouge, of counsel, for defendants, State of Louisiana, et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Danny M. Gunstream appeals a judgment of the district court which rejected his prayer for an injunction and upheld the suspension of his drivers license by the Department of Public Safety pursuant to LSA-R.S. 32:661 et seq.
FACTS
At approximately 3:15 A.M. on January 24, 1976, plaintiff was arrested for D.W.I. by State Police Trooper Gary S. White. He was taken by Officer White to the police station in Bossier City, where, he was requested to take a chemical test for the purpose of determining the alcoholic content of his blood. He was advised of his constitutional rights and informed of the consequences of a refusal to take the test. He refused to take the test and no test was administered.
On March 25, 1976, plaintiff was notified that his drivers license was being suspended for a period of six months in accordance with LSA-R.S. 32:667 because of his refusal to take the test on the night of his arrest.
A subsequent administrative hearing, held at plaintiff's request, affirmed the suspension order.
*356 On November 12, 1976, plaintiff filed this suit to enjoin the Department from suspending his license and to review the administrative order. The case is presently before us as a result of an adverse decision below.
LAW
Plaintiff argues that the suspension of his license is invalid because:
(1) the statutes, LSA-R.S. 32-661 et seq and particularly LSA-R.S. 32:667, as applied to plaintiff in the present circumstances, are unconstitutional; and
(2) the requirement of the statutes, that the suspension be based on a sworn statement of the police officer attesting the refusal to take the test, has not been satisfied.
Initially, plaintiff contends that LSA-R.S. 32-661 et seq are unconstitutional because these statutes, as applied to plaintiff, deny him substantive due process. In support of this contention, plaintiff argues that the statutes' only purpose is to gather evidence to be used in a D.W.I. prosecution. He further argues that this State interest is absent in the instant case because he pleaded guilty to the D.W.I. charge prior to the suspension of his license.
In Harrison v. State, Dept. of Public Safety, Driv. Lic. Div., 298 So.2d 312 (La. App. 4th Cir. 1974), writ denied, 300 So.2d 840 (La.1974), it was held that LSA-R.S. 32:661 et seq do not violate due process guarantees and are not unconstitutionally overbroad. The court also noted that the State's interest in administering the test is not solely the gathering of evidence for criminal prosecutions. We agree.
The rule with regard to such proceedings for suspension of a license for refusal to submit to a chemical test is that such proceedings are corollary to the licensing statute, being civil in nature, and are unaffected by the fact of the commencement of a criminal prosecution for D.W.I. or by the result of such prosecution. Whitaker v. State, Dept. of Public Safety, Driv. Lic. Div., 264 So.2d 725 (La.App. 1st Cir. 1972), writ vacated, 278 So.2d 503 (La.1973). The suspension proceedings under the statute are mandatory upon refusal to take the test. LSA-R.S. 32:667.
Accordingly, we find that plaintiff's guilty plea to the D.W.I. charge is wholly unrelated to and does not prevent the suspension of his license for refusing to take the chemical test.
We find that plaintiff's first contention is without merit and that the statutes are not unconstitutional.
Secondly, plaintiff argues that the police officer did not submit a "sworn" report and therefore the suspension is invalid relying on Neely v. State, Dept. of Public Safety, Driv. Lic. Div., 308 So.2d 880 (La. App. 2nd Cir. 1975).
However, the evidence in the present case reveals that the officer's report was in fact a sworn report and therefore Neely is inapplicable.
The notary, before whom the report was executed, testified unequivocally that he never notarized a report unless the officer appeared before him and either signed the form at that time or affirmed the signature on the form if it had previously been signed. Officer White testified that he personally brought the report to the notary for it to be notarized, but that he could not remember whether he signed the report in the notary's presence.
We find that, albeit Officer White may have signed the report outside the presence of the notary, when he appeared before the notary and affirmed his signature on the report, he consciously took on himself the obligation of an oath. State v. Snyder, 304 So.2d 334 (La.1974). Accordingly the report was a "sworn" report within the terms of LSA-R.S. 32:661 et seq.
For the foregoing reasons, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.