L SULLIVAN, Judge.
Helen Voorhies, individually and as trustee of The Voorhies Family Living Trust (The Trust), appeals the trial court’s determination that, pursuant to Louisiana law, The Trust is invalid as to form and cannot inherit immovable property situated in Louisiana. For the following reasons, we reverse.

Facts

The facts are not disputed. During his lifetime, Marcel J. Voorhies, Jr. inherited an interest in immovable property situated in St. Martin Parish, Louisiana. He was married twice. He had four children with his first wife who died in 1986. In 1991, he married Helen, who had two children from a previous marriage. They did not have any children together.
Marcel moved from Louisiana to California, then to Arizona. In December 1993, while living in Arizona, he and Helen, jointly executed The Trust. Immediately after executing The Trust, Marcel and Helen separately executed their Last Wills. Thereafter, they moved back to California, where Marcel died on October 26, 2000. His Last Will was probated in California in June 2001. In September 2001, an exemplified copy of his Last Will was filed in the records of the Clerk of *657 Court for St. Martin Parish to open an ancillary probate.
Even though The Trust provided for the transfer of “all of our ... property ... wherever situated ... to our Trustee,” neither Marcel’s Louisiana-land interests nor all of his stock certificates were transferred, of record. Marcel made the following bequests in his Last Will:
Section 1. Pour-Over to My Living Trust
All of my property of whatever nature and kind, wherever situated, shall be distributed to my revocable living trust. The name of my trust is MARCEL J. VOORHIES, JR. and HELEN E. VOORHIES, Trustees, or | gtheir successors in trust, under the VOORHIES FAMILY LIVING TRUST, dated _, and any amendments thereto.[1]
Section 2. Alternate Disposition
If my revocable living trust is not in effect at my death for any reason whatsoever, then all of my property shall be disposed of under the terms of my revocable living trust as if it were in full force and effect on the date of my death.
Helen is the sole income beneficiary named in The Trust; she has the right to withdraw any or all of The Trust’s principal. Marcel’s and Helen’s children are named equal beneficiaries of any principal that Helen does not withdraw. All of the children are of the age of majority, and none of them are residents of Louisiana.
Helen filed a Petition for Declaratory Judgment to determine her rights, individually and as Trustee, under Marcel’s Last Will and The Trust. In the event her Petition for Declaratory Judgment is granted, her children waived any rights they have in The Trust. After a hearing on May 9, 2002, the trial court held that The Trust did not satisfy the requirements of Louisiana law and that Marcel’s bequests were invalid. Consequently, the trial court also held that Marcel’s interest in the Louisiana immovable property passed by intestacy to his four children.

Standard of Review

As noted by the parties, this appeal presents a question of law. Appellate review of a question of law is simply to determine whether the trial court was legally correct. Weeks v. T.L. James & Co., Inc., 626 So.2d 420 (La.App. 3 Cir.1993), writs denied, 93-2909, 93-2936 (La.1/28/94), 630 So.2d 794.
| ^Discussion
As we begin our review, we are mindful that Louisiana law favors liberal construction and interpretation of trusts. See La.R.S. 9:1724 which provides:
The provisions of this Code shall be accorded a liberal construction in favor of freedom of disposition. Whenever this Code is silent, resort shall be had to the Civil Code or other laws, but neither the Civil Code nor any other law shall be invoked to defeat a disposition sanctioned expressly or impliedly by this Code.
See also La.R.S. 9:1753.

Was The Trust in valid form under Louisiana law?

The first issue presented is whether The Trust was executed in a form valid under Louisiana law. La.R.S. 9:1752 provides:
An inter vivos trust may be created only by authentic act or by act under private signature executed in the presence of two witnesses and duly acknowledged by the settlor or by the affidavit of one of the attesting witnesses.
*658 The parties agree that The Trust was not in authentic act form. Therefore, we must determine if it was an act under private signature which meets the requirements of Section 1752. The Trust was executed by Marcel and Helen in the presence of two witnesses who did not sign the document. A notary public present when Marcel and Helen signed The Trust executed acknowledgments, which represent that Marcel and Helen each acknowledged the trust agreement before him. Marcel’s acknowledgment states: “The foregoing living trust agreement was acknowledged before me on Dec 22 1993, by MARCEL J. VOORHIES, JR. as Trustmaker and Trustee.” In June 2001, one of the witnesses present when Marcel and Helen signed The Trust executed an acknowledgment in which she described herself as “an attesting witness” to The Trust and acknowledged the signatures of Marcel and Helen.
LHelen asserts that Section 1752 provides three methods for creating an inter vivos trust: 1) authentic act; 2) act under private signature executed in the presence of two witnesses and duly acknowledged by the settlor; and 3) act under private signature executed in the presence of two witnesses and duly acknowledged by the affidavit of one of the witnesses. She contends that the acknowledgment by the notary public satisfies the requirements of Section 1752 and that the acknowledgment by the witness who was present when she and Marcel signed The Trust satisfies the requirements of this section, even though the witness did not sign as a witness on The Trust document. She also argues that, if we do not accept her interpretation of Section 1752, it is “unclear,” and we must resort to the laws of Arizona to determine whether The Trust is valid. Defendants contend that Section 1752 requires that the witnesses must always sign the trust document.
The trial - court determined that The Trust was not in valid form, reasoning:
[T]he Voorhies Trust instrument does not satisfy the alternate requirement of an act under private signature with an acknowledgment of the settlor or a witness, because there are no attesting witnesses who have signed- the document contemporaneously with the settlor. The settlor has not acknowledged his signature and is now deceased. It cannot be acknowledged by a non-attesting witness, someone who claims to have witnesse[d] the document six years ago, but did not sign it.

Attesting Witnesses

Helen argues on appeal that Section 1752 requires that the witnesses to an inter vivos trust in the form of an act under private signature need only be present with the settlor for the execution of the trust. Defendants contend that witnessés to an inter Lvivos trust must always sign the trust document. This issue arises from the phrase “affidavit of one of the attesting witnesses”[2] in Section 1752.
By definition, an act under private signature does not have to “be attested by witnesses.” Catalanotto v. Assoc. Disc., 207 So.2d 180, 183 (La.App. 1 Cir.); writ denied, 252 La. 105, 209 So.2d 38 (1968). And, “[a]n act under private signature, *659 acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has the same effect as an authentic act.” Id., citing former La.Civ.Code art. 2242, now La.Civ.Code art. 1836. The acknowledgment of the act causes “its evidential character [to undergo] a decided change.” Reeves v. So. Kraft Corp., 1 So.2d 824, 827 (La.App. 2 Cir.1941). Thus, Section 1752’s requirements of witnesses being present for the execution of the trust and an acknowledgment by the settlor or an affidavit by a witness when a trust is in the form of an act under private signature are elements of proof. Consequently, we see that Section 1752 appears to combine form requirements with proof requirements: an authentic act is self-proving and an act under private signature with witnesses present and an acknowledgment by the settlor or affidavit by an “attesting witness” is “regarded prima facie as the true and genuine act of a party executing it.” La.Civ.Code art. 1836. See also La. R.S. 13:3720.
A close look at Section 1752 also reveals that it makes at least one distinction between the proof required: an acknowledgment by the settlor, but an affidavit by a | fiwitness. An affidavit is a higher standard of proof than an acknowledgment. An affidavit requires that the affiant take an oath, Commercial Nat'l Bank v. Steele, 542 So.2d 1154 (La.App. 2 Cir.1989); an acknowledgment does not. La.R.S. 35:511. Is the witness requirement another such distinction? We believe it is.
The term “witnesses” is used twice in Section 1752: first, requiring that an act under private signature be “executed in the presence of two witnesses” and, second, providing for an affidavit by “one of the attesting witnesses.” If Section 1752 requires that the witnesses present for the execution of a trust have to sign the document, it could have been written clearly to provide so, e.g., “or by act under private signature executed in the presence of and attested by two witnesses and duly acknowledged .... ” However, the construction of Section 1752, with “attesting” describing witnesses only in that segment which provides for an affidavit by a witness, leads us to conclude that when a trust is executed as an act under private signature, the witnesses present during the settlor’s execution of the document must sign only when the method of proof is an affidavit by a witness, not when the method of proof is an acknowledgment by the settlor.

Acknowledgment by Marcel

Helen also argues that Marcel did acknowledge The Trust. There is more than one form of acknowledgment. See, e.g., La.Civ.Code art. 1836, La.R.S. 13:1320, and La.R.S. 35:511. The Trust Code does not specify the use of a particular acknowledgment form.
The trial court did not explain its conclusion that Marcel did not acknowledge his execution of The Trust, but we surmise it is because he did not sign the 17acknowledgment. La.R.S. 35:511 entitled “Forms of acknowledgment” provides in part:
Either the forms of acknowledgment now in use in this State, or the following, may be used in the case of conveyances or other written instruments, whenever such acknowledgment is required or authorized by law for any purpose:
(Begin in all cases by a caption specifying the state and place where the acknowledgment is taken).
1. In the case of natural persons acting in their own right:
On this . day of ., 19.., . before me personally appeared A B '(or A B and C D), to me *660 known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed it as his (or their) free act and deed.
[[Image here]]
(In all cases add signature and title of the officer taking the acknowledgment.)
(Emphasis added).
This provision does not require that the maker/settlor sign the acknowledgment. Compare La.Civ.Code art. 1836, La.R.S. 13:3720, and La.R.S. 9:5501.1. Article 1836 provides for two forms of acknowledgment, one signed by the maker and one “in any other manner authorized by law.” La.R.S. 13:3720 provides for an acknowledgment in the form of an affidavit, which also requires the signature of the maker/settlor. La.R.S. 9:5501.1 is the form for an affidavit of distinction with an acknowledgment by a judgment creditor, which unlike La.R.S. 35:511, requires that the acknowledgment by the judgment creditor be signed by the creditor before the notary public.
The acknowledgment at issue substantially complies with the requirements of La.R.S. 35:511: it sets forth the state and city where the acknowledgment was taken | gand the date the acknowledgment occurred, December 22, 1993; Marcel acknowledged The Trust to the notary public; and the notary public signed his name and stated his title. Additionally, the evidence establishes that the notary public was present when Marcel executed The Trust and his Will.
Under the facts presented herein, we find the requirements of Section 1752 have been satisfied.

Disposition

The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings in accordance with this opinion. All costs of this appeal are assessed to Defendants.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. This blank appeared in Marcel’s Last Will but is not an issue in this case.

. See League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), where the supreme court, in the context of a chattel mortgage, accepted Wigmore’s definition of an attesting witness, quoting: "Who is the attesting witness. The notion of an attesting or subscribing witness is that of a person who, at the request or with the consent of the maker, places his name on the document for the purpose of making thereby an implied or expressed statement that the document was then known by him to have been executed by the purporting maker.” 4 Wigmore on Evidence 1292, p. 584.